OPINION
{¶ 1} Defendant-appellant William H. Hoffer appeals from his sentence which was imposed without his presence upon this Court's remand for re-sentencing. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 30, 2003, a bill of information was filed against appellant, William H. Hoffer, on one count of breaking and entering, in violation of R.C. 2913.02(A)(1), and one count of theft, in violation of R.C. 2913.02(A)(1). On September 30, 2003, appellant pled guilty as charged. By Judgment Entry filed November 18, 2003, the trial court sentenced appellant to twelve months on each count, to be served consecutively for a total aggregate term of 24 months in prison.
 {¶ 3} Appellant filed an appeal and this court reversed for resentencing pursuant to State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. See, State v. Hoffer, Ashland App. No. 03COA065, 2004-Ohio-3053. Upon remand, the trial court reimposed the same sentence without hearing and, thus, without appellant's presence. See, Judgment Entry filed August 11, 2004.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Appellant raises the following assignment of error:
 {¶ 5} "The trial court erred by holding a resentencing proceeding outside of appellant's presence."
 {¶ 6} Appellant claims that the trial court erred in resentencing him in absentia. We agree.
 {¶ 7} Upon remand by this court for resentencing, the trial court resentenced appellant without his presence. Crim.R. 43(A) and Section10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence.
 {¶ 8} In State v. Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the law regarding this issue as follows:
 {¶ 9} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. Kentuckyv. Stincer (1987), 482 U.S. 730, 745, 107 S. Ct. 2658. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that, `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *.'"
 {¶ 10} We note the state concurs with appellant's argument. See, Appellee's Brief at pg. 5.
 {¶ 11} Upon review, we find that the trial court erred in resentencing appellant in absentia.
 {¶ 12} Accordingly, the sole assignment of error is granted.
 {¶ 13} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed. The sentence imposed by the trial court is vacated and the matter is remanded for resentencing.
Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed. The sentence imposed by the trial court is vacated and the matter is remanded for further proceedings consistent with the opinion. Costs assessed to appellee.